UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
(EASTERN DIVISION)

| | |
|---|---|
| MARGO SMITH, individually and on behalf of a class of similarly-situated individuals,<br><br>    Plaintiff<br><br>v.<br><br>THE HONEST COMPANY, INC.,<br>**Serve:**<br>**C T Corporation System**<br>**818 West Seventh St Ste 930**<br>**Los Angeles, CA 90017**<br><br>    Defendant | JURY TRIAL DEMANDED<br><br>Civil Action No. |

## CLASS ACTION COMPLAINT

For her complaint against Defendant The Honest Company, Inc. ("Honest"), Plaintiff Margo Smith, on behalf of herself and all others similarly-situated, alleges as follows:

GENERAL AVERMENTS—INTRODUCTION

1. This is a Class Action Complaint alleging that Defendant Honest deceptively marketed its popular consumer liquid laundry detergent, dish soap, multi-surface cleaner and other products (hereinafter "Honest Products") throughout the United States by claiming that these products are free of sodium laurel sulfate (SLS), also known as sodium laurilsulfate or sodium dodecyl sulfate.

2. SLS is a synthetic surfactant used in many cleaning, personal hygiene and cosmetic, pharmaceutical, and food products. Some detergent and soap manufacturers use

SLS as a foaming agent in their products because it is both inexpensive and effective at creating a foamy lather as it cleans.

3. However, SLS causes health problems for some individuals. Recent studies have shown that prolonged exposure to SLS can cause skin and eye irritation for some individuals by stripping the skin of necessary oils. Many individuals, including Honest co-founder Jessica Alba, believe that SLS is a toxin. Alba's 2013 book, THE HONEST LIFE, lists SLS as a toxin and suggests that consumers should avoid it.

4. While many competing products made by rival companies contain SLS, such as those made by Tide and Seventh Generation, Honest has attempted to distinguish its products from those made by competitors by claiming that its products are SLS-free.

5. Honest introduced its laundry detergent in 2011. Its packaging has always stated that the detergent is "Honestly FREE of" SLS. Product descriptions provided by Honest to its retailers such as Costco, Whole Foods, Target Corporation, Bed, Bath & Beyond, and Buy Buy Baby, repeat the same statement.

6. The Honest website, http://www.honest.com/cleaning/honest-laundry-detergent, also stated that the Honest Products are "Honestly FREE of" SLS. These representations are part of the "Honestly FREE guarantee", in which Honest professes in relation to SLS that it would "never consider [it] for use in anything. Period."

7. Despite promises and representations to the contrary, Honest Products contains substantial amounts of SLS. At all times while they were on sale to the public, Honest Products have contained SLS.

8. On March 10, 2016, the Wall Street Journal reported that it had commissioned two independent laboratories to test Honest's laundry detergent for SLS and

that both labs found that the product contained the chemical. The amount of the chemical was substantial and more than a trace amount. (See *Trendy Detergent Caught in Spin Cycle*, by Serena Ng, WSJ, March 10, 2016.)

9. In late 2015, after learning that the Wall Street Journal was investigating the presence of SLS in its detergent, Honest changed the wording to provide that the detergent is "Honestly made without" SLS.

10. Immediately after the Journal published its findings Honest published a blog entry in which it stated that the Journal, "clearly had the goal of harming the reputation and good will that we are so proud to have built here at Honest . . . ."

11. Honest contends that Honest Products contains "Sodium Coco Sulfate," (SCS) and not SLS.

12. SCS necessarily and, without exception, always contains SLS.

13. In an effort to distinguish its product from all others, Honest lists SLS as one of a handful of potentially harmful chemicals, along with formaldehyde, chlorine, and caustics. Honest claims that it avoids these chemicals. The packaging states that Honest Products are "Honestly FREE of" these chemicals. The implication is that the consumer should pay a premium for Defendant's products because they are of better quality, and safer, than comparable products sold by competitors.

14. From the date when Honest began selling its products, until and through late 2015, Honest marketed and advertised Honest Products as "Honestly FREE of" SLS.

15. This class action seeks damages, injunctive and declaratory relief on behalf of a class of all persons who purchased Honest Products during the Class Period defined below.

16. On June 11, 2014, Plaintiff purchased Honest Products, after reading and relying upon representations on Honest's website that these products were free of SLS. They were not.

17. Plaintiff and others purchased Honest Products throughout the United States for household and consumer purposes.

18. Honest caused to be produced, supplied, promoted, and sold the Honest Products when it knew or should have known that the Honest Products contained SLS.

19. Honest marketed Honest Product as being free of SLS when it knew or should have known that the products contained SLS.

20. Honest intended to induce consumers to purchase Honest Products by identifying the products as containing fewer harmful chemicals than competing products.

21. Plaintiff and members of the Class and each Subclass (defined *infra*) would not have purchased Honest Products, or would have paid less for them, if they had known that, contrary to Defendant's assertions, they contained SLS.

22. The purpose of this action is to hold accountable, and to obtain maximum legal and equitable relief from, Defendant for producing and placing into the stream of commerce Honest Products, and to require that Defendant discontinue its deceptive marketing.

23. In their dealings with the Plaintiff and other consumers, Defendants have violated federal and state sales laws and various state consumer protection acts, as alleged herein. Plaintiff brings this suit in order to vindicate her own rights and those of consumers nationwide.

## GENERAL AVERMENTS—JURISDICTION AND VENUE

24.     This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1711, *et seq.*, and 28 U.S.C. § 1332(d), which vests original jurisdiction in the district courts of the United States for any multi-state class action where the aggregate amount in controversy exceeds five million dollars and where the citizenship of any member of the class of plaintiffs is different from that of any defendant. The amount-in-controversy and diverse-citizenship requirements of CAFA are satisfied in this case. Given that Defendant sells its products nationwide, and that there are widespread reports of the misrepresentations and defects alleged herein, Plaintiff believes, and therefore alleges, that the aggregate amount in controversy well-exceeds five million dollars.

25.     As to CAFA's diverse citizenship requirement, Plaintiff Margo Smith is a citizen of Missouri and Honest is a citizen of California.

26.     Venue is proper in this district because Plaintiff Margo Smith resides in this District and the claims arose in this District. Honest, a Delaware corporation with its primary place of business and headquarters in California, transacts business in this judicial district and otherwise is subject to personal jurisdiction in this judicial district, where it sells a large quantity of its products. Accordingly, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

## GENERAL AVERMENTS—THE PARTIES

27.     Plaintiff Margo Smith resides in the City of Rock Hill, which is located in St. Louis County in the State of Missouri. Plaintiff is a citizen of the State of Missouri. Plaintiff purchased Honest Products in the State of Missouri.

28. Like millions of consumers throughout the United States, Plaintiff purchased Honest Products after reading and relying upon Defendant Honest's representations that it was SLS-free.

29. Honest is a corporation registered in and under the laws of the State of Delaware. However, it principal place of business, corporate headquarters, and nerve center, are located in the City of Santa Monica, which is located in Los Angeles County in the State of California. For jurisdiction purposes Honest is considered a citizen of the State of California.

GENERAL AVERMENTS—CLASS ALLEGATIONS

30. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of the following Class (the "Class") for counts II–IV:

> All consumers in the United States who, through the date of entry of judgment, themselves or via an agent, purchased Honest Products for any consumer or household use. Excluded from the class are officers, representatives, or agents of any defendant, as well as the judge or magistrate presiding over this case along with his or her immediate family members.

31. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of the following Subclass (the "Magnuson-Moss Subclass") for count I:

> All consumers in the United States who, through the date of entry of judgment, themselves or via an agent, purchased Honest Products, costing, in the aggregate, $25, for any consumer or household use. Excluded from the class are officers, representatives, or agents of any defendant, as well as the judge or magistrate presiding over this case along with his or her immediate family members.

32. Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of the following Subclass ("Missouri Subclass") for count V:

> All consumers who, in the State of Missouri, through the date of entry of judgment, themselves or via an agent, purchased Honest Products for any

personal, family or household use. Excluded from the class are officers, representatives, or agents of any defendant, as well as the judge or magistrate presiding over this case along with his or her immediate family members.

33.     Plaintiff is prepared as necessary to amend this class and subclass definition by way of defining appropriate multi-state sub-classes. Plaintiff anticipate, however, that due to the nature and particulars of applicable laws, the relief sought will be available nationwide.

34.     It is estimated that the Class and the Magnuson-Moss Subclass each consist of hundreds of thousands of persons throughout the United States. It is estimated that the Missouri Subclass consists of tens of thousands in the State of Missouri. The members of the Class and Subclasses are so numerous that joinder of all members, whether otherwise required or permitted, is impracticable. The exact number of Class and Subclass members is presently unknown to Plaintiff, but can easily be ascertained through public notices and Honest's own records. A substantial percentage of Honest's sales are made directly to consumers, both through website sales and bundle packages. Honest retains and is in possession of detailed identifying information for all individuals who buy Honest Products directly from Honest and uses this information to market Honest Products directly to consumers.

35.     There are numerous questions of law or fact common to the members of the Class and each Subclass which predominate over any questions affecting only individual members, the answers to which would drive class-wide resolution of this case, including:

      a.   Whether Honest Products contain SLS;

      b.   Whether Honest knew that Honest Products contained SLS, or was reckless in determining that its Honest Products contained SLS;

7

    c. Whether Honest warranted, whether expressly or impliedly, that its Honest Products were free of SLS;

    d. Whether a statute of limitation or statute of repose applies to the claims of any portion of the Class or Subclasses;

    e. Whether Honest advertised Honest Products as having characteristics that they do not have;

    f. Whether Honest acted deceptively, unfairly, or unconscionably in the marketing of Honest Products; and

    g. Whether Honest acted deceptively, unfairly or unconscionably in addressing the complaints of consumers who purchased Honest Products.

36. Plaintiff's claims are typical of the Class and each Subclass because they were injured in the same manner by Defendant's violations of the law.

37. Plaintiff will protect fully and adequately the interests of all members of the Class and each Subclass. Plaintiffs have retained counsel who are experienced in consumer and class action litigation. Plaintiff has no interest which is adverse to, or in conflict with, other members of the Class or any Subclass.

38. The questions of law and fact common to the members of the Class and each Subclass predominate over any questions which may affect only individual members.

39. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class and each Subclass are readily definable, and prosecution as a class action will eliminate the possibility of duplicative litigation, while

also providing redress for claims which otherwise would be too small to support the expense of individual litigation.

40. Defendant has acted or refused to act, as alleged herein, on grounds generally applicable to the Class and each Subclass, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class and each Subclass as a whole.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. § 2301, et seq.)

41. Plaintiff hereby incorporates and restates, as if fully set forth herein, all General Averments contained in this Complaint.

42. Plaintiff brings this Count I individually and on behalf of the members of the Magnuson-Moss Subclass against Defendant.

43. Honest Products are consumer products as defined in 15 U.S.C. § 2301(1).

44. Plaintiff and Magnuson-Moss Subclass members are consumers as defined in 15 U.S.C. § 2301(3).

45. Plaintiff and Magnuson-Moss Subclass members purchased Honest Products costing more than $5 and their individual claims are greater than $25 as required by 15 U.S.C. § 2302(e) and 15 U.S.C. § 2310(d)(3)(A).

46. Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

47. In connection with the sale of Honest Products, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that the products conformed to the "Honestly FREE guarantee" in that the products did not contain SLS.

48. Defendant breached these written warranties because the Honest Products did in fact contain SLS.

49. By reason of Defendant's breach of the written warranties stating that the Honest Products conformed to the "Honestly FREE guarantee," Defendant violated the statutory rights due Plaintiffs and Magnuson-Moss Subclass members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, thereby damaging Plaintiffs and Magnuson-Moss Subclass members.

50. Within a reasonable time after Plaintiff knew or should have known of such failure to conform, Plaintiff gave Defendant notice thereof.

WHEREFORE, Plaintiff respectfully prays for and requests the relief set forth below in the Prayer for Relief.

## COUNT II—UNJUST ENRICHMENT

51. Plaintiff hereby incorporates and restates, as if fully set forth herein, all General Averments contained in this Complaint.

52. Plaintiff brings this Count II individually and on behalf of the members of the Class against Defendant.

53. As a result of Honest's deceptive, fraudulent, and misleading labeling, advertising, marketing, and sales of the Honest Products, Honest was enriched at the expense of Plaintiff and all Class members.

54. Honest was able to charge a premium for its product and differentiate itself from competing products in part by promising that the Honest Products are free of SLS.

55. The profits and revenue derived from the sales of Honest Products were obtained through misrepresentation and deception.

56. Under the circumstances, it would be against equity and good conscience to permit Honest to retain the ill-gotten benefits that it received from Plaintiff and the other Class members in light of the fact that Honest misrepresented the contents of the Honest Products. Thus, it would be unjust and inequitable for Honest to retain the benefit without restitution to Plaintiff and the other Class members for the monies paid to Honest for such falsely labeled and falsely advertised products.

WHEREFORE, Plaintiff respectfully prays for and request the relief set forth below in the Prayer for Relief.

**COUNT III—BREACH OF EXPRESS WARRANTY AND VIOLATIONS OF ARTICLE 2 OF THE UNIFORM COMMERCIAL CODE (UCC)**

57. Plaintiff hereby incorporates and restates, as if fully set forth herein, all General Averments contained in this Complaint.

58. Plaintiff brings this Count III individually and on behalf of the members of the Class against Defendant.

59. Honest Products were subject to express warranties as described herein, including affirmations, nondisclosures and related representations as to the ordinary characteristics that may be reasonably expected from Honest Products.

60. Defendant breached the express warranties in the manner described above.

61. The express warranties were part of the "basis of the bargain" as that term is used in the Uniform Commercial Code and are presumed to be part of the contract between each members of the Class, and Defendant as warrantor.

62. Plaintiff and the Class have been damaged by Defendant's breaches of the express warranties in the manner described above.

WHEREFORE, Plaintiff respectfully prays for and requests the relief set forth below in the Prayer for Relief.

## COUNT IV—MONEY HAD AND RECEIVED

63. Plaintiff hereby incorporates and restates, as if fully set forth herein, all General Averments contained in this Complaint.

64. Plaintiff brings this Count IV individually and on behalf of the members of the Class against Defendant.

65. Defendant received funds from Plaintiff and class members, to which Defendant is not entitled, as set forth herein.

66. Equitable principles require a return of all monies received by Defendant by reason of its misrepresentations and deceptive marketing.

WHEREFORE, Plaintiff respectfully prays for and requests the relief set forth below in the Prayer for Relief.

## COUNT V—VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT (REV. STAT. MO. §§ 407.010, et seq.)

67. Plaintiff hereby incorporates and restates, as if fully set forth herein, all General Averments contained in this Complaint.

68. Plaintiff bring this Count V individually and on behalf of the members of the Missouri Subclass against Defendant.

69. Section 407.010, et seq., the Missouri Merchandising Practices Act ("MMPA") prohibits certain activity in the State of Missouri, and provides various remedies for its violations. Section 407.020 of the MMPA declares an unlawful practice any act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

70. Any act, use or employment declared unlawful by Section 407.020 of the MMPA violates that subsection, whether committed before, during or after the sale, advertisement or solicitation.

71. Section 407.010(4) of the MMPA defines "merchandise" as any objects, wares, goods, commodities, intangibles, real estate or services.

72. Honest Products amounts to merchandise under this provision of the MMPA. Defendant has, therefore, sold merchandise in the State of Missouri as that term is defined in Section 407.010(4).

73. Defendant is a "person" as that term is defined in Section 407.010(5) of the MMPA and used in Section 407.020.1 of the MMPA. For purposes of these sections, a "person" includes "any natural person or his legal representative, partnership, firm, for-profit or not-for-profit corporation, whether domestic or foreign, company, foundation, trust, business entity or association, and any agent, employee, salesman, partner, officer, director, member, stockholder, associate, trustee or cestui que trust". Similarly, Plaintiff and all members of the Missouri Subclass are each considered a "person" as that term is defined in Section 407.010(5).

74. Defendant has violated and continues to violate Section 407.020 of the MMPA in connection with the sale and advertisement of Honest Products in sale or commerce as described herein.

WHEREFORE, Plaintiff Margo Smith respectfully prays for and requests the relief set forth below in the Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE, having stated the foregoing allegations and claims, Plaintiff prays that this Court:

A. Determine and order that this action may be maintained as a class action pursuant to Rule 23(a)(2) of the Federal Rules of Civil Procedure with respect to Plaintiff's and class claims for equitable and injunctive relief;

B. Determine and order that this action may be maintained as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to Plaintiff's and class claims for damages;

C. Certify this case as a class action;

D. Appoint Plaintiff to act as representative of the Class and each Subclass;

E. Declare Ryan A. Keane of Keane Law LLC to act as class counsel for the Class and each Subclass;

F. Award to Plaintiff and members of the Class and each Subclass all remedies available to them in law or equity, including but not limited to: awards of damages, declaratory relief as appropriate, restitution, or disgorgement in such amounts to be determined at trial, with punitive damages, treble or other multiple damages, or penalties where permitted by law, in amounts determined at trial;

G.  Order that Defendant be enjoined from continuing the illegal advertising alleged herein, and that a permanent injunction issue requiring Defendant to perform as requested herein;

H.  Award Plaintiff and members of the Class and each Subclass their costs of suit, including any reasonable attorneys' fees and expenses, to include expert witness fees, as provided by law;

I.  Permit Plaintiff to amend her complaint as necessary, including to conform to evidence produced at trial; and

J.  Award to Plaintiff, the Class and each Subclass such other, further, and different relief as the nature of the case may require, or as may be determined to be just, equitable, and proper by this Court.

## DEMAND FOR JURY

Plaintiff and the prospective Class and Subclasses respectfully demand a jury trial on all issues so triable.

Respectfully submitted,
KEANE LAW LLC

 /s/ Alex Braitberg
Ryan A. Keane, #62112MO
Alexander L. Braitberg, #67045MO
9666 Olive Blvd., Suite 690
St. Louis, MO 63132
Phone: (314) 240-5278
ryan@keanelawllc.com
alex@keanelawllc.com